IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA LOUISA REES,

    Plaintiff,

v.                                                                                                                                          CV 18-0724 JHR

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Sandra Louisa Rees' Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 19], filed January 23, 2019. Having studied the parties' briefing and the relevant portions of the Administrative Record ("*AR*"),[2] the Court **grants** Ms. Rees' Motion, for the reasons set forth below.

### I.     INTRODUCTION

It is the Commissioner's prerogative to weigh medical evidence and resolve evidentiary conflicts in the record. However, when faced with an uncontroverted medical opinion, the Commissioner may not "pick and choose" among the evidence to support a finding of nondisability. However, that is precisely what Ms. Rees accuses the Administrative Law Judge ("ALJ") who denied her claim of doing in this case.

---

[1] Andrew M. Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is therefore substituted for former Acting Commissioner Nancy A. Berryhill as the Defendant in this suit.

[2] Documents 12 through 12-62 comprise the sealed Administrative Record. The Court cites to the Record's internal pagination, rather than the CM/ECF Document and page number.

The ALJ who denied Ms. Rees' claim afforded only "some" weight to the opinions of Drs. John R. Vigil, M.D., CIME, and Eligio R. Padilla, Ph.D., consultative examiners who interviewed and examined Ms. Rees. However, the ALJ gave insufficient reasons for detracting from the weight of these doctors' opinions as to Ms. Rees' mental impairments. As such, the ALJ was required to adopt their uncontroverted findings. These findings arguably could have rendered Ms. Rees' residual functional capacity ("RFC") more restrictive, and precluded her from being able to work. The Court concludes that the Commissioner's Step Five finding is unsupported by substantial evidence, and that this case must be remanded for further proceedings.

**II.     BACKGROUND**

Ms. Rees filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on April 13, 2011. *AR* at 165-174. She alleged a disability onset date of January 19, 2007, due to Bi-polar, Depression, PTSD, lower back injury, knee injury, upper back injury, joint pain, headaches, and IBS. *AR* at 167, 207. The Administration denied Ms. Rees' claims initially and upon reconsideration, and she requested a *de novo* hearing before an ALJ. *AR* at 72-125.

ALJ Myriam C. Fernandez Rice held a hearing at which Ms. Rees and a vocational expert testified on July 2, 2013. *AR* at 34-71. ALJ Rice issued a decision denying Ms. Rees' claims on February 14, 2014. *See AR* at 10-33. The Appeals Council declined to review ALJ Rice's decision, and it accordingly became the final decision of the Commissioner. *AR* at 1-4. Ms. Rees then filed a lawsuit challenging the Commissioner's decision in this Court, resulting in a remand on January 31, 2017. *AR* at 1048-1064.

While her civil action was pending, Ms. Rees filed a subsequent claims for Title II and XVI benefits. *See AR* at 1122-1130. On March 31, 2017, the Appeals Council issued an order

consolidating the claim files and remanding them to a new ALJ for further proceedings consistent with the order of the court. *AR* at 1066-1069.

ALJ Raul C. Pardo held a second hearing on March 2, 2018. *AR* at 990-1025. After this hearing, ALJ Pardo denied Ms. Rees' claim on March 28, 2018. *AR* at 963-989. The Appeals Council did not assume jurisdiction over the case, and so ALJ Pardo's decision became the final decision of the Commissioner. See 20 C.F.R. §§ 404.984(d), 416.1484(d). This Court now has jurisdiction to review the decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[3]

At Step One of the sequential evaluation process, the ALJ found that Ms. Rees has not engaged in substantial gainful activity since her alleged onset date. *AR* at 969. At Step Two, he determined that Ms. Rees has had the following severe impairments: "cervical spine disease, lumbar disc disease, colitis, irritable bowel syndrome, hypertension, obesity, migraine headaches,

---

[3] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016):

> At step one, the ALJ must determine whether a claimant presently is engaged in a substantially gainful activity. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). If not, the ALJ then decides whether the claimant has a medically severe impairment at step two. *Id.* If so, at step three, the ALJ determines whether the impairment is "equivalent to a condition 'listed in the appendix of the relevant disability regulation.'" *Id.* (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). Absent a match in the listings, the ALJ must decide at step four whether the claimant's impairment prevents him from performing his past relevant work. *Id.* Even if so, the ALJ must determine at step five whether the claimant has the RFC to "perform other work in the national economy." *Id.*

bilateral shoulder tendonitis, status-post bilateral total knee replacement surgeries, osteopenia of the lumbar spine and hips, depressive disorder, anxiety disorder, attention deficit disorder ("ADD"), and post-traumatic stress disorder ('PTSD')." *AR* at 969. At Step Three, the ALJ concluded that Ms. Rees' impairments do not meet or medically equal the regulatory "listings." *AR* at 969-971. Ms. Rees does not challenge these findings on appeal. [*See generally* Doc. 19].

When a claimant does not meet a listed impairment, the ALJ must determine her residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1. In this case, the ALJ determined that Ms. Rees retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally reach overheard bilaterally, occasionally climb ramps and stairs, occasionally balance and stoop, and can never climb ladders, ropes or scaffolds. In addition, the claimant is limited to performing simple and routine tasks, can have occasional contact with co-workers and the general public, and is limited to performing jobs that involve one or two step tasks.

*AR* at 971. Relying on his RFC findings at Step Four, the ALJ determined that Ms. Rees is unable to perform any of her past relevant work as a bowling alley clerk, phlebotomist, telephone representative, or certified nurse assistant. *AR* at 978. However, at Step Five, the ALJ concluded that there are jobs that exist in the national economy that Ms. Rees can perform, despite her impairments. *AR* at 979. Specifically, the ALJ determined that Ms. Rees retains the capacity to work as a silver wrapper and cleaner/polisher. *AR* at 979. As such, he determined that she is not under a disability as defined in the Social Security Act, and denied benefits. *AR* at 980.

### III.    LEGAL STANDARDS

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d

569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show us that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640 (10th Cir. 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

## IV. ANALYSIS

In addition to the issue of whether the ALJ properly weighed the opinions of Drs. Padilla and Vigil, Ms. Rees argues that the ALJ's decision does not include a "necessary mental function-by-function assessment[.]" [*See* Doc. 19, pp. 23-27]. Because the Court agrees that the ALJ erred as a matter of law when weighing Drs. Padilla and Vigil's opinions, it will not address Ms. Rees' other claims of error, "because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Bryant*, 753 F. App'x at 643 (citing *Watkins* for this proposition).

"It is the ALJ's duty to give consideration to all the medical opinions in the record. . . . He must also discuss the weight he assigns to such opinions." *Keyes-Zachary*, 695 F.3d at 1161 (citations omitted).

> When evaluating the opinion of any medical source, an ALJ must consider: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Kellams v. Berryhill*, 696 F. App'x 909, 917 (10th Cir. 2017) (citing *Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); 20 C.F.R. §§ 404.1527(c), 416.927(c)). Moreover, "[e]xamining medical-source opinions" are "given particular consideration." *Ringgold*

5

v. *Colvin*, 644 F. App'x 841, 843 (10th Cir. 2016) (quoting *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012)). Such an opinion "may be dismissed or discounted, of course, but that must be based on an evaluation of all of the factors set out in the ... regulations and the ALJ must provide specific, legitimate reasons for rejecting it." *Id.*

The Court's rationale for remanding Ms. Rees' case is straightforward. The ALJ expressly weighed the opinions of Drs. Vigil and Padilla, determining that they were entitled to "some weight." *See AR* at 976-977. However, the ALJ failed to proffer any valid reason why he was rejecting some of the psychological limitations found by these two consultative examiners while accepting others. *See id.* This is clear error under the law of this circuit. *See*, 753 F. App'x at 641 ("although an ALJ is entitled to resolve conflicts in the record . . . [h]e may not 'pick and choose among medical reports, using portions of evidence favorable to [his] position while ignoring other evidence,'. . . or mischaracterize or downplay evidence to support [his] findings.") (citations omitted).

> As to Dr. Vigil, the ALJ reasoned that:
>
> Although Dr. Vigil's opinion regarding the claimant's *physical* limitations appears to place excessive reliance on the claimant's subjective reporting, his opinion regarding the claimant's *psychiatric* limitations is generally well-supported by the medical record as a whole and is based on a specialized understanding of addiction and related mental health disorders. Accordingly, Dr. Vigil's opinion will be given some weight.

*AR* at 977 (emphasis added). Thus, the ALJ gave no reasons for rejecting psychiatric limitations found by Dr. Vigil; rather, his reasoning advocates substantial deference to those findings.[4] Likewise, when discussing Dr. Padilla's opinions the ALJ stated that:

---

[4] The Commissioner argues in Response that Dr. Vigil is merely studying to become a psychologist and so his findings as to Ms. Rees' psychiatric limitations did not deserve the weight the ALJ ascribed to them. [*See* Doc. 21, pp. 7-8]. The Court will not consider this argument, as "this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007) (citation omitted).

6

> Although Dr. Padilla's opinion appears to overestimate the degree to which the claimant is limited in her ability to maintain attention and concentration, *particularly while performing simple tasks*, the remainder of [his] opinion is generally consistent with the record as a whole. Moreover, Dr. Padilla's opinion is based on a specialized understanding of psychiatric disorders and is supported by findings elicited in the course of a comprehensive psychological and intelligence assessment. Accordingly, [his] opinion will be given some weight.

*Id.* (emphasis added). Thus, the ALJ only gave one reason for ascribing less weight to Dr. Padilla's findings, and that reason was limited to Ms. Rees' ability to maintain attention and concentration while performing simple tasks. However, as the ALJ acknowledged in the preceding sentence of his decision, Dr. Padilla only found Ms. Rees to have "slight limitations in carrying out simple instructions and adhering to a regular schedule." *Id.* In other words, Dr. Padilla does not appear to have overestimated Ms. Rees' limitations in maintaining attention and concentration.

This brings the Court to the limitations that the ALJ appears to have ignored from Drs. Vigil and Padilla's opinions. As a reminder, the ALJ attempted to temper Ms. Rees' RFC to account for her mental impairments by saying she is limited to "performing simple and routine tasks, can have occasional contact with co-workers and the general public, and is limited to performing jobs that involve one or two step tasks." *See AR* at 971; *see also AR* at 978 ("It bears emphasizing that to account for the claimant's history of psychiatric treatment, reported symptomology, and the opinions of Dr. Beale and others, the undersigned has limited the claimant to performing no more than simple and routine tasks and engaging in no more than occasional contact with co-workers and the general public."). Ms. Rees argues, and the Court agrees, that these limitations did not adequately account for the findings of Drs. Vigil and Padilla. *See AR* at 1588-1590, 1602-1603.

Pertinent here, Dr. Vigil found that Ms. Rees would have moderate limitations in her ability to understand and remember very short and simple instructions. *AR* at 1602. He furthermore found

7

that she would have marked limitations in her ability to maintain attention and concentration for extended periods of time, in her ability to work in coordination with/or proximity to others without being distracted by them, and in her ability to complete a normal workday and workweek without interruptions from psychological based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods. *AR* at 1602. Dr. Padilla likewise found that Ms. Rees would have marked limitations in her ability to maintain attention and concentration for extended periods of time, and in her ability to complete a normal workday and workweek without interruptions from psychological based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods. *AR* at 1588. Both doctors' opinions appear to be based on their respective consultative examinations (Dr. Vigil's report date: February 22, 2018),[5] *compare AR* at 1568-1573 *with AR* at 1602-1603; *see also* (Dr. Padilla's report date: February 15, 2018) *compare AR* at 1576-1585 *with AR* at 1588-1589. The ALJ did not offer any reasons to detract from their findings as to Ms. Rees' psychiatric limitations. Those findings were, therefore, unopposed, and the ALJ was required to incorporate them into Ms. Rees' RFC. *See Chapo*, 682 F.3d at 1291.[6]

The Court determines that the ALJ's omission harmed Ms. Rees in this case. The marked and moderate impairments described above arguably interfere with Ms. Rees' ability to complete a normal workday and workweek. "Even when a job is simple, rote, and repetitive, a person must

---

[5] Part of Ms. Rees' argument is that the ALJ did not even consider or weigh Dr. Vigil's consultative examination report. [*See* Doc. 19, pp. 19-20]. While the Court agrees that the ALJ could have been more explicit in discussing this report, it appears in the "List of Exhibits" attached to the ALJ's decision. *See AR* at 988. As such, the Court will not assume that the ALJ forgot to weigh this report. Moreover, Ms. Rees has not identified any opinions in this report that were not present in the documents that the ALJ did discuss, rendering his failure to cite the report harmless.

[6] In arguing to the contrary, the Commissioner relies on the Tenth Circuit's relatively recent analysis in *Rael v. Berryhill*, 678 F. App'x 690 (10th Cir. 2017) (unpublished). The Court finds *Rael* to be distinguishable. There the ALJ explained why he was rejecting certain non-exertional findings. Here, on the other hand, the ALJ offered no reasons for rejecting Drs. Vigil and Padilla's findings, rendering them uncontroverted.

8

be able to work normal workweeks without excessive rest periods." *Trujillo v. Colvin*, 626 F. App'x 749, 752 (10th Cir. 2015) (unpublished). Therefore, the Court finds that the Commissioner should have included the limitations in Ms. Rees' RFC, or explained why they were omitted. The ALJ's failure to include the limitations in the dispositive hypothetical presented to the Vocational Expert at Step Five prevents the Expert's testimony from constituting substantial evidence upon which the ALJ could predicate his step-five conclusion that Ms. Rees could transition to other work. *See Carr v. Commissioner, SSA*, 734 F. App'x 606, 612 (10th Cir. 2018) (unpublished). In other words, the ALJ's Step Five conclusions are not supported by substantial evidence due to his legal error in weighing Drs. Vigil and Padilla's opinions when formulating her RFC.

## V.     CONCLUSION

The ALJ failed to adequately weigh Drs. Vigil and Padilla's opinions. This error harmed Ms. Rees because it rendered her RFC less restrictive than it could have been. Thus, this case must be remanded for further consideration of Drs. Vigil and Padilla's opinions, and their effect on Ms. Rees' RFC. This is not to say that Ms. Rees deserves benefits. The administration may reach the same result after properly weighing Drs. Vigil and Padilla's opinions. However, without the correct analysis, the Court cannot confidently say she does not.

Wherefore, IT IS THEREFORE ORDERED that Sandra Louisa Rees' Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 19] is **GRANTED** and the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this decision.

_____
Jerry H. Ritter
U.S. Magistrate Judge
Presiding by Consent